# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 7:18-cr-00855-3 |
| | § | |
| FELIX RAMOS | § | |

**DEFENDANT'S MOTION TO SEVER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW FELIX RAMOS, Defendant, by and through his undersigned counsel, and respectfully moves to sever his trial from that of his co-defendants.

**AUTHORITY**

1. Rule 14 authorizes severance of joined defendants and/or offenses to avoid prejudice to the defendant:

> If it appears that a defendant … is prejudiced by a joinder of offenses or of Defendants in an indictment or information or by such joinder or trial together, the court may order an election of separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection *in camera* any statements or confessions made by the defendant which the government intends to introduce in evidence at the trial.

Fed. R. Crim. P. 14.

2. Severance is required if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant. *Id.*

For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. *Id.*

3. Moreover, the introduction of a co-defendant's statements at trial that implicate a defendant without the codefendant taking the stand violate a defendant's Sixth Amendment right to confront and cross-examine witnesses against him. *See Bruton v. U.S.*, 391 U.S. 123, 126 (1968).

4. In addition, while the prosecution may never comment on a defendant's decision not to testify, a severance may be required to avoid a co-defendant's attorney commenting on a defendant's failure to testify. *See, e.g., De Luna v. United States*, 308 F.2d 140 (5th Cir.1962).

5. Further, when a co-defendant is willing to provide exculpatory testimony to the defendant in the defendant's separate trials, the trials should be severed so that the co-defendant may be tried first and the exculpatory testimony may be available to the defendant. *See, e.g., Williams v. United States*, 884 A.2d 587 (D.C. Cir. 2005); *see also Tifford v. Wainwright*, 588 F.2d 954 (5th Cir. 1979); *Byrd v. Wainwright*, 428 F.2d 1017 (5th Cir. 1970).

## ARGUMENT

6. Mr. Ramos' trial should be severed from that of his co-defendants, especially Dr. Jorge Zamora (and occur after his trial), to avoid the prejudicial spillover of evidence that may be admissible as to his co-defendants but not as to him, as well as to make available the exculpatory testimony of Dr. Zamora and Mrs. Zamora in his trial. It is Defendant's understanding that co-defendant's attorneys have indicated that they would be able to provide exculpatory testimony to Mr. Ramos, but they intend, on advice of counsel, not to testify at their own trial. As such, the only way for Mr. Ramos to present this exculpatory testimony would to have his own separate trial. Unless Dr. Zamora and Mrs. Zamora are granted use immunity by

the government, Mr. Ramos' trial would have to occur after theirs so that their testimony at his trial would not be used against them at their trial.

7.   Furthermore, a joint trial would prejudice Mr. Ramos through spillover evidence and allegations not relevant to him.  Much of a joint trial would be devoted to the allegations that Dr. Zamora and Mrs. Zamora intentionally misdiagnosed patients, and fraudulently billed the government and insurance companies.  As demonstrated by the superseding indictment, Mr. Ramos is not alleged to have participated in the diagnosis, examinations, or treatment of any of Dr. Zamora's patients.  Dr. Zamora's alleged wrongdoings, at least as to health care fraud, are therefore largely irrelevant to the allegations against Mr. Ramos.  Nevertheless, given how much of trial would be devoted to this aspect, the risk of spillover and the jury assuming guilt-by-association is great.  At Mr. Ramos' separate trial, if granted, this evidence would be inadmissible as irrelevant and/or unduly prejudicial.

## CONCLUSION

While judicial economy generally favors joint trials, a defendant's constitutional rights, including his right to due process (especially the right to present exculpatory evidence) and confrontation of adverse witnesses, comes first.  Mr. Ramos's trial should therefore be severed from that of his codefendants.

Date:   September 4, 2018

Respectfully submitted,

By:   /s/        Jaime Peña
Jaime Peña
State Bar No. 90001988
SD TX: 289815
jpena@pgglex.com

Pablo J. Escobedo
Florida SBN:  125214
SD TX:  2997536
Pescobedo@penaassociates.com

**PEÑA GARCIA, PLLC**
3900 N. 10th Street, Suite 1050
McAllen, Texas 78501
Phone: (956) 948-2221
Fax: (888) 422-6821

Robert Steindel
Texas Bar No.: 24004935
106 S. 12th Avenue
Edinburg, Texas 78539
Phone: (956) 259-8148
Fax: (956) 259-8148
Rsteindel96@gmail.com

## CERTIFICATE OF CONSULTATION

Assistant U.S. Attorney Andrew Swartz is opposed to this motion.

/s/    Jaime Peña
Jaime Peña

## CERTIFICATE OF SERVICE

On September 4, 2018, this motion was served on Assistant U.S. Attorney Andrew Swartz via ECF.

By:    /s/    Jaime Peña
Jaime Peña